UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William Husel,

    Plaintiff,

                                       Case No. 23-10845

v.                                   Honorable Jonathan J.C. Grey

Trinity Health Corporation,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION
## TO DISMISS (ECF No. 5)

Dr. William Husel filed a complaint for malicious prosecution against Trinity Health Corporation ("Trinity") on April 12, 2023. Dr. Husel is a former physician who worked for five years in the Intensive Care Unit ("ICU") at Mount Carmel West Hospital ("MC West"), a Trinity-owned hospital in Columbus, Ohio. This case arises from an investigation by Trinity into Dr. Husel's practice of prescribing doses of opioids and benzodiazepines that were substantially higher than his peers' practices. Dr. Husel claims that after its initial investigation, Trinity actively sought his indictment and prosecution by maliciously providing the Franklin County Prosecutor's Office with knowingly inaccurate and misleading information and knowingly withholding

exculpatory evidence. Further, he claims Trinity instituted a public outreach campaign designed to lead to his indictment and prosecution.

The filings and exhibits for this motion to dismiss are extensive. The complaint contains 62 exhibits for a total of 763 pages. The motion to dismiss contains 13 exhibits for a total of 655 pages. Because the Court rules on a narrow ground, many of the facts, claims, and exhibits are irrelevant to this opinion, and the Court will refer only to the relevant portions and issues.

The Court finds that under the appropriate standard for a motion to dismiss, Dr. Husel failed to rebut the presumption that probable cause existed for his prosecution, a necessary element to his claim. Therefore, the Court **GRANTS** Trinity's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Dr. Husel's claim for malicious prosecution against Trinity.

### I. Background

The following are Dr. Husel's allegations. Dr. Husel worked the night shift in the ICU at MC West for five years. In his role as a physician in the ICU, Dr. Husel was responsible for providing palliative care for patients who were too sick to recover and were unlikely to survive. As

part of that care, Dr. Husel used opioid medications and benzodiazepines to treat patients facing imminent death. The parties agree that the doses used by Dr. Husel for those medications were substantially higher than his peers' practices. Dr. Husel claims that his practice did not violate any hospital policy or nationally accepted standard for using opioids to treat dying patients.

In December 2018, MC West fired Dr. Husel and placed 13 nurses on leave. It also drastically changed its ICU policies after firing him. After an investigation, MC West discovered that Dr. Husel was using high doses of these medications for years. Officials at MC West then met with county prosecutors to report the findings. Dr. Husel claims that MC West reported to the prosecutors that it believed Dr. Husel had intended to hasten death by using high doses. He further claims that Trinity began a media and community outreach plan to focus negative attention on Dr. Husel. Dr. Husel claims that Trinity designed that plan specifically to encourage prosecution and convince the public that Dr. Husel had committed crimes as a rogue doctor.

As part of that campaign, Trinity told patients' family members that the patients had been overdosed by Dr. Husel. It presented stories

3

to the press that Dr. Husel had given potentially fatal doses of medication to patients. Then, it told the press that some of Dr. Husel's patients might have survived. Further, Trinity advertised its cooperation with authorities through press releases to intentionally raise pressure on prosecutors to act against Dr. Husel.

A grand jury was empaneled by the Franklin County Prosecutor's Office. Dr. Husel claims that misleading testimony from Trinity representatives was presented to the grand jury, which intentionally left out material information to provide context to Dr. Husel's use of high doses.

In June 2019, the grand jury indicted Dr. Husel on twenty-five counts of intentional murder. However, in January 2022, the prosecution voluntarily dismissed eleven of the counts. On April 20, 2022, Dr. Husel was acquitted of the remaining fourteen counts. Dr. Husel then brought this action for a claim of malicious prosecution against Trinity.

## II. Legal Standard

The Court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555, 570 (2007)). When assessing a motion to dismiss under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

But the Court will not presume the truth of any legal conclusions stated in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the pleaded facts do not raise a right to relief, the Court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

When deciding whether to dismiss a case, a court will generally rely only on the facts or claims stated in the complaint. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citations omitted). However, the Court may consider exhibits attached to the complaint, public records, and motion to dismiss attachments without converting the motion into one for summary judgment so long as the outside documents are referred to in the complaint and are central to the claims. *Id.*

### III. Malicious prosecution

The parties appear to agree that Ohio law controls the malicious prosecution claim. A claim for malicious prosecution under Ohio law has three elements: "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 397 (6th Cir. 2016) (quoting *Trussell v. Gen. Motors. Corp.*, 559 N.E.2d 732, 736 (Ohio 1990)). As one Ohio Court noted, "actions for malicious prosecution have been met with marked disfavor by the [Ohio] courts." *Dailey v. First Bank Ohio*, No. 04AP–1309, 2005 WL 1483678, at *5 (Ohio Ct. App. June 23, 2005). To give proper effect to Ohio law, the Court will analyze this claim with the same "marked disfavor." *Id.* Dr. Husel needs well-pleaded allegations for each element to survive a motion to dismiss. Of course, the Court also accepts all allegations as true and views the complaint in the light most favorable to Dr. Husel, as required for a motion to dismiss.

Trinity claims that Dr. Husel has failed to plead a lack of probable cause. An indictment from a grand jury creates a presumption that probable cause existed for the prosecution. *Gonzalez v. Kovacs*, 687 F. App'x 466, 469 (6th Cir. 2017) (citing *Barnes v. Wright*, 449 F.3d 709, 716

6

(6th Cir. 2006)) (applying Ohio law). The presumption can be rebutted by a showing of substantial evidence. *Bickerstaff*, 830 F.3d at 397. A showing that the indictment resulted from perjured testimony or that the grand jury proceedings were significantly irregular can rebut the presumption.[1] *Id.*

Dr. Husel was indicted on the charges at issue here. While Dr. Husel comes close to making a claim that Trinity, through its staff or agents, provided perjured testimony to the grand jury, he never actually claims that perjury occurred. Dr. Husel makes claims that Trinity, through its staff, lied to the prosecutor's office, the press, and individual patients. (*See, e.g.*, ECF No. 1, PageID.3–4.) He also claims that the Franklin Prosecutor's Office presented misleading testimony, which omitted material information, to the grand jury. (*Id.*) Dr. Husel further claims that testimony from officers and prosecutor statements show "that

---

[1] This presumption applies for claims of malicious prosecution under Ohio law and for federal § 1983 claims under the Fourth Amendment, otherwise known as "constitutional malicious prosecution." *King v. Harwood*, 852 F.3d 568, 580 (6th Cir. 2017). The constitutional malicious prosecution presumption *can be rebutted* by a showing of false statements, evidence, and omissions outside of any grand-jury testimony that were material to the prosecution. *Id.* at 591. However, under Ohio law, the only way to rebut the presumption is by showing misleading grand-jury testimony. *Bickerstaff*, 830 F.3d at 397.

7

the element of probable cause . . . was supplied by Dr. Roth[2] and Trinity." Further, Dr. Husel claims "the grand jury's finding of probable cause to indict Dr. Husel of each of the 25 counts of murder was based upon false information provided by Trinity."

The claims made by Dr. Husel were like the ones made by the plaintiff in *Bickerstaff*. There, the allegations were that "the indictment was falsely obtained because the grand jury 'was not presented truthful information by and/or was blocked by Defendants from knowing all of the material facts involving the allegations against Plaintiff.'" *Bickerstaff*, 830 F.3d at 398. The court went on to say that the plaintiff had failed to point to any grand-jury proceedings or testimony to show how the proceedings were compromised. *Id.*

Dr. Husel claims that exculpatory evidence was withheld from the grand jury; thus, he claims, the presumption should be rebutted. However, for purposes of malicious prosecution claims, the prosecutor is not required to present potentially exculpatory evidence to the grand jury. *Baron v. Andolsek,* No. 2003–L–005, 2004 WL 473261, at *3 n.1

---

[2] Dr. Daniel Roth was the Chief Medical Officer of Trinity and he allegedly assisted with the internal investigation of Dr. Husel and acted as a liaison with the prosecutor's office.

(Ohio Ct. App. March 12, 2004) (citing *Criss v. Kent*, 867 F.2d 259, 263 (6th Cir. 1988)).

While Dr. Husel's complaint insinuates that false or misleading information was presented to the grand jury, it never explicitly states who, as in which Trinity staff member, presented the false or misleading testimony nor explains how that testimony was relevant to the indictment. Dr. Husel cannot sustain his claim with this lack of specificity.

Further, Dr. Husel makes no allegations that the grand jury proceedings were irregular. Thus, Dr. Husel has failed to plead allegations sufficient to show lack of probable cause. *See Bickerstaff*, 830 F.3d at 397; *Gonzalez v. Kovacs*, 687 F. App'x 466, 469 (6th Cir. 2017) (requiring specific allegations that someone presented false testimony to the grand jury or other similar substantial evidence to rebut the presumption to survive a motion to dismiss). Since the Court finds that Dr. Husel's complaint is deficient for lacking specific factual support, it **DISMISSES** his claim **WITHOUT PREJUDICE**.

## VI. CONCLUSION

Accordingly, **IT IS ORDERED** that Trinity's motion to dismiss (ECF No. 5) is **GRANTED**. Dr. Husel's claim for malicious prosecution against Trinity is **DISMISSED WITHOUT PREJUDICE.**

SO ORDERED.

Date: March 28, 2024

s/Jonathan J.C. Grey
Jonathan J.C. Grey
United States District Judge

Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 28, 2024.

                              s/ S. Osorio
                              Sandra Osorio
                              Case Manager